LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs,
and the Class*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

JOSE LUIS JUNIOR CRUZ GUTIERREZ,
*on behalf of himself, FLSA Collective Plaintiffs,
and the Class,*

          Plaintiff,

   v.

ALBA CARTING & DEMOLITION INC
    d/b/a COMPAC INDUSTRIES 2;
    d/b/a Tristate 2, and
ANDREW HORAN,

          Defendants.

Case No.:

**CLASS AND COLLECTIVE
ACTION COMPLAINT**

**Jury Trial Demanded**

---

      Plaintiff JOSE LUIS JUNIOR CRUZ GUTIERREZ ("Plaintiff" or "Plaintiff GUTIERREZ"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants ALBA CARTING & DEMOLITION INC. d/b/a COMPAC INDUSTRIES 2 d/b/a TRISTATE 2 ("Corporate Defendant"), and ANDREW HORAN ("Individual Defendant" and together with Corporate Defendant, "Defendants"), and states as follows:

**INTRODUCTION**

    1.    Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he and others similarly situated are entitled to recover from

Defendants: (1) unpaid wages, including overtime wages, due to time shaving, (2) liquidated damages, and (3) attorneys' fees and costs.

2. Plaintiff further alleges, pursuant to the New York Labor Law ("NYLL"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime wages, due to time shaving, (2) statutory penalties, (3) liquidated damages, and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Corporate Defendant is headquartered in this District and because the events giving rise to this action took place in this District.

## PARTIES

5. Plaintiff JOSE LUIS JUNIOR CRUZ GUTIERREZ is a resident of New York County, New York.

6. Defendants own and operate a company engaged in construction contracts, and specifically demolition services under the trade name COMPAC INDUSTRIES 2 at 402 West 46th Street, Apt. 2W, New York, NY 10036. Defendants provide services at over 50 sites all throughout New York and neighboring states.

7. Corporate Defendant ALBA CARTING & DEMOLITION INC. d/b/a COMPAC INDUSTRIES 2 d/b/a TRISTATE 2 is a domestic business corporation organized under the laws

of New York with a principal place of business at 402 West 46th Street, Apt. 2W, New York, NY 10036, and address for service of process at 15 Hudson Yards, 35G, New York, NY 10001.

8. Individual Defendant ANDREW HORAN is the owner and the Chief Executive Officer of Corporate Defendant. Defendant ANDREW HORAN exercised functional control over the business and financial operations of Corporate Defendant and over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs and Class Members. With respect to Plaintiff, FLSA Collective Plaintiffs, and Class Members, ANDREW HORAN exercised his power to (and also delegated to managers and supervisors the power to) (i) fire and hire; (ii) determine rate and method of pay; (iii) supervise and control employee work schedules or conditions of employment; (iv) maintain employment records; and (v) otherwise affect the quality of employment. ANDREW HORAN had ultimate authority over employee-related decisions, including personnel, workplace conditions, payroll, and wage and hour policies concerning Plaintiff, FLSA Collective Plaintiffs, and Class Members.

9. At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

10. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class Members were directly essential to the business operated by Defendants.

11. At all relevant times, Plaintiff was Defendants' employee within the meaning of NYLL § § 2 and 651.

12. At all relevant times, Defendants were Plaintiff's employers within the meaning of NYLL § § 2 and 651.

13. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section l6(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including laborers, construction workers, and demolition workers among others, employed by Defendants on or after the date that is 6 years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

15. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper overtime premium at the rate of one-and-one-half times the regular rate for work in excess of 40 hours per workweek, due to Defendants' improper time shaving violations of the FLSA. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

16. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS

17. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including laborers, construction

workers, and demolition workers among others, employed by Defendants on or after the date that is 6 years before the filing of this Complaint in this case as defined herein (the "Class Period") .

18.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

19.     The proposed Class is numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than 40 members of the Class.

20.     Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All Class Members were subject to Defendants' corporate practices of: (i) failing to pay all wages, including overtime, due to time shaving, (ii) failing to provide wage notices to Class Members, at the date of hiring and annually, per requirements of NYLL, and (iii) failing to provide proper wage statements per requirements of NYLL.

21.     Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

22. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiffs in wage and hour cases.

23. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

24. Defendants and other employers throughout the state violate NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

25. There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class Members, including:

   a) Whether Defendants employed Plaintiff and Class Members within the meaning of the State Labor Laws;

   b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and Class Members properly;

   c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class Members for their work;

   d) Whether Defendants properly notified Plaintiff and Class Members of their regular hourly rate and overtime rate;

   e) Whether Defendants paid Plaintiff and Class Members for all hours worked given Defendants' time shaving practices;

   f) Whether Defendants provided wage notices to Plaintiff and Class Members per requirements of the NYLL; and

   g) Whether Defendants provided proper wage statements to Plaintiff and Class Members per requirements of the NYLL.

## **STATEMENT OF FACTS**

26. Plaintiff was hired by Defendants in or about October 2022 as a laborer to perform duties at varied construction sites. Plaintiff's employment was terminated in or around March 27, 2023.

27.     During the entire duration of his employment with Defendants, Plaintiff held the title of laborer. His duties included demolishing commercial buildings, removing garbage and debris from the job sites, and remediating asbestos.

28.     Throughout his employment, Plaintiff was compensated at an hourly rate of $18.00 per hour. FLSA Collective Plaintiffs and Class Members were compensated by Defendants at similar hourly rates.

29.     Throughout his employment, Plaintiff was scheduled to work 7:00 a.m. to 3:30 p.m., from Monday to Friday, for a total of 42.5 hours a week. FLSA Collective Plaintiffs and Class Members worked similar hours.

30.     Throughout his employment, Plaintiff's was time shaved and not compensated for all hours worked. Plaintiff was required to come in and work 15 minutes before his scheduled shift every day. Even though Plaintiff clocked in he was not compensated for these extra 15 minutes of work he would perform before his shift every day. Plaintiff was also required to clock out at the end of his shift but had to work 1 hour past his scheduled shift 3 times a week. In total, Plaintiff was time shaved a total of 4.25 hours per week for unscheduled work. FLSA Collective Plaintiffs and Class Members were similarly time shaved and not paid for work done before and after their scheduled shifts.

31.     Plaintiff was further time shaved by Defendants because they automatically deducted 30 minutes per day from Plaintiff's wages for meal breaks, yet Defendants had a policy of not permitting Plaintiff to take a free and clear meal break. Plaintiff always worked throughout his break and consequently never had a free and clear meal break despite Defendants' daily thirty minute deduction for such time from Plaintiff's wages. As a result, Plaintiff was time shaved a total of 2.5 hours per week. FLSA Collective Plaintiffs and Class Members also suffered similarly

from Defendants' illegal policy of time shaving by automatically deducting for meal breaks which they did not take.

33. In failing to provide proper wage statements and notices, Defendants have failed to comply with the law in a manner that clearly entails a concrete risk of harm to an interest identified by the State legislature. Defendants' failure to provide such notices trivializes the importance of these notices in protecting Plaintiff's interest in ensuring proper pay. Despite Defendants' conduct, there is a reason why the State legislatures, such as the New York legislature, concluded that enacting wage notice provisions would "far better protect workers' rights and interests" than existing penalties. *See* N.Y. Spons. Mem., 2010 S.B. 8380.

33. Written notices function as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves. Deprivation of such notices necessarily entails a significant risk of harm to the employees' concrete interest in being paid properly and timely.

34. Here, Defendants' failure goes beyond generating a risk of harm to Plaintiff and Class Members. Defendants' conduct actually harmed Plaintiff and Class Members by weakening their ability to contest the sufficiency of Defendants' wage payments to them.

35. For example, Plaintiff has alleged that he was not compensated for all hours worked due to time shaving. This means he has alleged that the number of hours listed on the wage statements he received from Defendants were inaccurate, having understated the number of hours Plaintiff actually worked. Withholding *accurate* wage statements, therefore, allowed Defendants to misrepresent themselves as having paid Plaintiff and other employees all wages due when Defendants had not, in fact, done that.

36. Had the wage statements accurately represented Plaintiff's actual hours, they would have revealed a clear, unambiguous, and indisputable discrepancy between the number of hours that Plaintiff worked and the number of hours for which he was paid—thus providing Plaintiff with incontrovertible proof of Defendants' FLSA and NYLL violations. Such proof would have permitted Plaintiff and other similarly wronged employees to readily prevail on a motion for summary judgment early in the litigation, without the need to conduct much discovery, since accurate wage statements would have effectively constituted a written admission by Defendants of their wrongdoing.

37. This legal leverage alone might well have incentivized Defendants to make Plaintiff and other employees whole—in order to avert what would be a hopelessly uphill litigation fight.

38. Regardless of what Defendants would have done with Plaintiff in possession of such leverage, Plaintiff has described what is a certainty of a harm, not a mere risk, because it is certain that incontrovertible documentary evidence of Defendants' wage violations would have placed Defendants in a far weaker legal position and Plaintiff in a far stronger one. Plaintiff has been concretely injured because Defendants' deceptive representations on Plaintiff's wage statements have prevented this outcome.

39. Of course, Defendants' WTPA violations could not prevent Plaintiff from bringing the instant action. But there is a substantial difference between prosecuting a lawsuit based on contestable testimony and doing so based on incontestable documentary evidence provided by the defendant itself, which is what Defendants' WTPA violations deprived Plaintiff of.

40. Defendants may retort that accurate wage statements would not have placed them in a weaker position because the wage statements they did provide were, in fact, accurate. But that is an argument for another day, as the Court must accept Plaintiff's allegations as true at this stage of the litigation.

41. There is no question that Plaintiff would be in a far better position than he is now had he received compliant wage statements. At worst, Plaintiff would have the means to readily prevail on a summary judgment motion, simply on the basis of documentary evidence generated by Defendants themselves. At best, Plaintiff might have avoided litigation altogether, since the threat thereof might have incentivized Defendants to just make Plaintiff whole.

42. Because either of the foregoing outcomes would have been preferable to the status *quo*, Plaintiff and Class Members were concretely harmed when Defendants failed to provide them with the accurate wage statements that would have facilitated one of the preferred outcomes. The loss of an opportunity to readily prevail on a summary judgment motion with fairly little expenditure of resources is a concrete injury.

43. Due to Defendants' failure to provide legally mandated notices such as earning statements and wage notices, Defendants were able to deprive employees of evidence for Defendants' wrongdoing, which has significantly delayed the payment of all wages owed to Plaintiff and Class Members. This delayed payment caused Plaintiff and Class Members to struggle to timely pay for necessities, bills, and debts.

44. Defendants knowingly and willfully operated their business with a policy of not compensating Plaintiff, FLSA Collective Plaintiffs, and Class Members all wages owed for all hours worked, including overtime, due to a policy of time shaving, in violation of the FLSA and the NYLL.

45. Defendants knowingly and willfully operated their business with a policy of not providing wage and hour notices to Plaintiff and Class Members, at the beginning of employment and annually thereafter, in violation of the NYLL.

46. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to all their employees as required under the NYLL.

47. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and the Class, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

48. Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

49. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

50. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

51. At all relevant times, each of the Corporate Defendants had gross annual revenues in excess of $500,000.

52. At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff and FLSA Collective Plaintiffs their wages for all hours worked due to time shaving, in violation of the FLSA.

53. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

54. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all hours worked, including overtime hours, when Defendants knew or should have known such was due.

55. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

56. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

57. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, including overtime, due to time shaving, plus an equal amount as liquidated damages.

58. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## <u>VIOLATION OF STATE LABOR LAW</u>

59. Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein

60. At all relevant times, Plaintiff and Class Members were employed by Defendants within the meaning of the NYLL §§ 2 and 651.

61. Defendants knowingly and willfully failed to pay Plaintiff and Class Members all wages owed, including overtime, due to a policy of time shaving, in violation of the NYLL.

62. Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff and Class Members wage notice, at date of hiring and annually thereafter, as required under the NYLL.

63. Defendants knowingly and willfully failed to provide proper wage statements to Plaintiff and Class Members with every wage payment, as required under the NYLL. Defendants are required to provide itemized listings of deductions taken on each wage statement. Defendants failed to satisfy the requirements under the NYLL because such tip credit allowance was never clearly included in wage statements to tipped employees for each payment period. Defendants also provided fraudulent wage statements that failed to accurately reflect the number of hours worked and their proper compensation.

64. Due to the Defendants' NYLL violations, Plaintiff and Class Members are entitled to recover from Defendants unpaid wages, including overtime, due to time shaving, reasonable attorneys' fees; liquidated damages; statutory penalties and costs and disbursements of the action, pursuant to the NYLL.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself, FLSA Collective Plaintiffs, and Class Members, respectfully requests that this Court grant the following relief.

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, and the NYLL;

b. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid wages, including overtime, due to time shaving under the FLSA, and the NYLL;

d. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages pursuant to 29 U.S.C. § 216;

e. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages pursuant to the NYLL;

f. An award of statutory penalties, prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

g. Designation of Plaintiff as the Representative of the FLSA Collective Plaintiffs;

h. Designation of this action as a class action pursuant to F.R.C.P. 23;

i. Designation of Plaintiff as Representative of the Class; and

j. Such other relief as this Court deems just and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by

jury on all issues so triable as of right by jury.

Dated: August 11, 2023                              Respectfully submitted,

**LEE LITIGATION GROUP, PLLC**
By:   */s/ C.K. Lee*
C.K. Lee, Esq. (CL 4086)
Anne Seelig, Esq. (AS 1976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs,*
*and the Class*